United States District Court
District of Massachusetts

| | |
|---|---|
| KEBB MANAGEMENT, INC., ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> HOME DEPOT U.S.A., INC., ) <br> ) <br> Defendant. ) <br> ) | Civil Action No. <br> 14-13860-NMG |

**MEMORANDUM & ORDER**

**GORTON, J.**

This case arises out of a dispute over payment for repair work allegedly performed by plaintiff Kebb Management, Inc. ("Kebb" or "plaintiff") at a Watertown, Massachusetts retail store owned and operated by defendant Home Depot U.S.A., Inc. ("Home Depot" or "defendant"). Kebb contends that Home Depot approved a work order to repair the concrete floors in its store but that it has subsequently refused to pay Kebb for the work performed.

Pending before the Court is Home Depot's motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) or, in the alternative, to transfer venue to the United States District Court for the Northern District of Georgia pursuant to 28 U.S.C. § 1404(a). For the reasons that follow, the motion will be allowed and the case will be transferred.

## I. Factual Background and Procedural History

Kebb is a Massachusetts corporation with its principal place of business in Methuen, Massachusetts. Home Depot is organized and incorporated under the laws of Delaware with its principal place of business in Atlanta, Georgia. Home Depot owns and operates home improvement retail stores throughout the United States, including in Massachusetts.

In May, 2010, the parties executed a Master Service Agreement ("MSA") for plaintiff to perform maintenance and repair on defendant's retail stores. Under the MSA contract, defendant would issue specific work orders to plaintiff, which would then perform the required work and receive payment for its services from defendant. Each work order was governed by the MSA. From the signing of the MSA through May, 2013, the parties' contractual arrangement proceeded without issue. Home Depot issued work orders, Kebb performed the requested work and sent invoices to Home Depot, which remitted payment to Kebb.

In June, 2013, plaintiff alleges that it provided a requested estimate for repair work on the concrete flooring at defendant's store located in Watertown, Massachusetts. Plaintiff estimated the cost of the project at $110,500. In an email to plaintiff, defendant's duly authorized representative instructed plaintiff to "[u]pload the quote to [this specified work order number] and I will approve." Plaintiff asserts it

then uploaded the quote and commenced and completed the repair work by October, 2013. Thereafter, plaintiff sent defendant an invoice which defendant refused to pay. Defendant maintains that the work order at issue was never approved and therefore plaintiff performed unauthorized work for which it is not entitled to payment.

The MSA contains two relevant provisions relating to forum-selection and venue for disputes between the parties. First, MSA Article 17.0 establishes the governing law and the appropriate forum by stating that

> [t]his agreement will be governed by and construed in accordance with the laws of ... Georgia without regard to its conflict of laws rules. The parties agree that the courts in ... Georgia shall have exclusive jurisdiction over any disputes under or relating to this agreement.

Second, MSA Article 18.0 governs dispute resolution and specifies mandatory venue options for subsequent litigation as follows:

> [e]xcept [for] injunctive or other equitable relief, [the parties] agree that as a condition precedent to the institution of any action regarding disputes arising under or in connection with this agreement, such disputes shall first be submitted to mediation before a professional mediator selected by the parties. Such mediation shall be conducted at a mutually agreed time and place.... If mediation is unsuccessful, the parties shall submit disputes to either the United States District Court for the Northern District of Georgia, Atlanta Division, or the Superior Court of Cobb County, Georgia.

Kebb demanded payment for its work and contends that it requested to engage in mediation with Home Depot but that defendant has refused to agree to a location for mediation. As such, Kebb initiated the instant suit. Kebb filed its complaint in the Massachusetts Superior Court for Essex County on September 16, 2014, alleging both common law and statutory violations in a four-count complaint. Kebb asserts claims for relief against Home Depot for (1) breach of contract, (2) breach of the covenant of good faith and fair dealing, (3) quantum meruit and (4) unfair or deceptive trade practices in violation of M.G.L. c. 93A.

Home Depot timely removed the case to this Court in October, 2014, based on complete diversity of the parties. One week later, it moved to dismiss the complaint for failure to state a claim or, in the alternative, to transfer venue to the United States District Court for the Northern District of Georgia.

## II. Defendant's Motion to Dismiss or, in the Alternative, to Transfer Venue

Defendant contends that the two relevant forum-selection clauses in the MSA establish the State of Georgia as the appropriate, exclusive forum and identify two possible venues therein. Accordingly, it seeks to have the case dismissed for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6)

or, in the alternative, to transfer venue pursuant to 28 U.S.C. § 1404(a).

In opposition, plaintiff admits that the MSA includes a forum-selection clause but argues that the Court should refuse to enforce it. Plaintiff asserts that the enforcement of the forum-selection clause would be unreasonable and unjust because proceedings in the contractual forum will be so gravely difficult for it that essentially it will be deprived of its day in court. Additionally, plaintiff declares that the forum-selection clause is not mandatory because its language is not clear and unequivocal. Finally, plaintiff asserts that defendant's alleged breach of the contract excuses further performance by plaintiff and permits it to disregard the forum-selection provisions.

**A.  Legal Standard**

The First Circuit Court of Appeals has routinely held that a valid forum-selection clause is to be enforced through a motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6). See, e.g, Rivera v. Centro Medico de Turabo, Inc., 575 F.3d 10, 15 (1st Cir. 2009); Silva v. Encyclopedia Britannica Inc., 239 F.3d 385, 387-88 (1st Cir. 2001); Lambert v. Kysar, 983 F.2d 1110, 1112 n.1 (1st Cir. 1993).

The Supreme Court, however, recently identified a motion to transfer under 28 U.S.C. § 1404(a) as the appropriate mechanism for enforcement of a forum-selection clause that points to a particular federal district. Atl. Marine Constr. Co. v. U.S. Dist. Court for W. Dist. of Texas, 134 S. Ct. 568, 579 (2013). Under § 1404(a), a district court may transfer a civil action to any other district where it might have been brought "[f]or the convenience of parties and witnesses, in the interest of justice." Normally, while the decision to transfer a case under § 1404 lies solely within the discretion of the trial court, there is a presumption in favor of the plaintiff's choice of forum. Momenta Pharm., Inc. v. Amphastar Pharm., Inc., 841 F. Supp. 2d 514, 522 (D. Mass. 2012) (citation omitted). "[U]nless the balance is strongly in favor of the defendant, a plaintiff's choice of forum should rarely be disturbed." Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 508 (1947).

Nevertheless, the Court in Atlantic Marine held that the "calculus" fundamentally changes when the parties' contract contains a valid forum-selection clause. 134 S. Ct. at 581; see also Rivera, 575 F.3d at 18 (citing M/S Bremen v. Zapata Off-Shore Co., 407 U.S. 1, 10, 15 (1972)) (forum-selection clauses are "prima facie valid" and carry a strong presumption of validity). Primarily, this is due to the fact that

-6-

> enforcement of valid forum-selection clauses, bargained for by the parties, protects their legitimate expectations and furthers vital interests of the justice system.

Atl. Marine, 134 S. Ct. at 581 (citation omitted).

As such, the Atlantic Marine decision initiated three changes to the "usual" § 1404(a) analysis which are prompted by the presence of a forum-selection clause. Id. First, the plaintiff's choice of forum "merits no weight." Id. Second, the district court "should not consider arguments about the parties' private interests." Id. at 582. Only public interest factors can be considered, however those factors "will rarely defeat a transfer motion." Id. Third, when a plaintiff who is contractually obligated to file suit in a specific forum "flouts" that duty, a transfer of venue under § 1404(a) "will not carry with it the original venue's choice-of-law rules." Id. at 582-83 (holding the opposite only would "encourage gamesmanship" and give an unwarranted "privilege" to a plaintiff's choice of forum).

Accordingly, a forum-selection clause should "be given controlling weight in all but the most exceptional circumstances." Id. at 579, 581 (citation omitted). In the vast majority of cases when a forum-selection clause is included, a § 1404(a) motion to transfer will be allowed. See id. at 581.

**B. Application**

**1. Motion to Dismiss**

Home Depot first moves to dismiss Kebb's suit for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6). Although that has long been the proper procedural way to enforce a forum-selection clause in the First Circuit, the Supreme Court's Atlantic Marine decision in 2013 holds that

> [w]hen the parties have agreed to a valid forum-selection clause, a district court should ordinarily [pursuant to 28 U.S.C. § 1404(a)] transfer the case to the forum specified in that clause.

Id. (emphasis added). Notably the Court in Atlantic Marine opted not to consider whether a motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) would also be an acceptable alternative.[1] Id. at 580.

Accordingly, a Rule 12(b)(6) motion remains a proper vehicle to seek enforcement of a forum-selection clause in the First Circuit. See Carter's of New Bedford, Inc. v. Nike, Inc., No. 13-cv-11513-DPW, 2014 WL 1311750, at *2 n.5 (D. Mass. Mar. 31, 2014). Nevertheless, because (1) a district court should "ordinarily" use § 1404(a) to enforce a forum-selection clause that identifies a federal forum and (2) the MSA identifies an appropriate federal district for venue, the Court instead opts

---

[1] The Court noted that the petitioner had not filed a Rule 12(b)(6) motion nor had the parties briefed the matter. Id. at 580.

-8-

to utilize the newly-established analytical framework in Atlantic Marine and focus on defendant's motion to transfer pursuant to § 1404(a).[2] See Herbert H. Landy Ins. Agency, Inc. v. Navigators Mgmt. Co., No. 14-cv-12552-FDS, 2014 WL 3908179, at *5 (D. Mass. Aug. 8, 2014).

### 2. Motion to Transfer

The streamlined analysis established in Atlantic Marine clearly warrants enforcement of the forum-selection provision pursuant to § 1404(a). First, the fact that Kebb filed suit in Massachusetts is entitled to no weight. Atl. Marine, 134 S. Ct. at 581. Second, the Court will not entertain any private interest arguments in the inquiry. Id. at 582. Here, no public interest consideration is sufficient to render this an "unusual case" warranting a refusal to transfer in light of a forum-selection clause. Id. at 582 & n.6. Upon transfer to the proper federal forum, here the Northern District of Georgia, that district court will apply the choice-of-law rules for Georgia. Id. at 584.

Plaintiff's opposition memorandum fails to cite Atlantic Marine or counter defendant's contention that transfer under § 1404(a) is appropriate. Instead, plaintiff recognizes the presence of the forum-selection provisions in the MSA but urges

---

[2] Reliance on § 1404(a) rather than Fed. R. Civ. P. 12(b)(6) allows for a convenient transfer of forum and obviates the need for plaintiff to re-file its suit.

-9-

the Court to decline to enforce them. It suggests that enforcement of those provisions would be "unreasonable and unjust" because proceedings in the contractual forum would be "so gravely difficult and inconvenient" that it would essentially be denied its day in court. Plaintiff's contention relies on language from the Supreme Court's 1972 decision in M/S Bremen which provided various bases that may warrant setting aside a forum-selection clause. 407 U.S. at 15-17; see also Huffington v. T.C. Grp., LLC, 637 F.3d 18, 23-24 (1st Cir. 2011) (identifying and analyzing M/S Bremen considerations).

Plaintiff's argument to set aside the forum-selection provisions fails for several reasons. First, the M/S Bremen decision explained that "[a] forum clause should control absent a strong showing that it should be set aside" and remarked that a plaintiff resisting enforcement of a forum-selection clause carries a "heavy burden" to demonstrate why it should not be enforced. 407 U.S. at 15, 17. Second, and more importantly, the Atlantic Marine decision unequivocally removed any consideration of private interests in the § 1404(a) context when a forum-selection clause is present. 134 S. Ct. at 582.

Kebb knowingly entered into a contract with Home Depot that clearly and explicitly stated that all disputes between the parties would take place in a distant, out-of-state forum that would "impose [] burdens on its litigation efforts." Id. at 584.

The inconvenience to Kebb was "foreseeable at the time of contracting." Id. at 582 (citation omitted); see also In re Mercurio, 402 F.3d 62, 66 (1st Cir. 2005) ("[I]nconvenience to at least one of the parties is an almost forgone conclusion when dealing with a provision that requires litigating away from one's home turf").

Plaintiff adds that the language of the forum-selection provision is not mandatory and therefore shouldn't be enforced. It suggests that the subject provision of the MSA is not unequivocal and does not state that all suits are to be tried <u>solely</u> in Georgia. Plaintiff fails, however, to read the two relevant forum-selection clauses together. First, Article 17.0 clearly states that "Georgia shall have <u>exclusive</u> jurisdiction over any disputes under or relating to this agreement." (emphasis added). Article 18.0 then establishes that in the event mediation is unsuccessful

> the parties <u>shall</u> submit disputes to either the United States District Court for the Northern District of Georgia, Atlanta Division, or the Superior Court of Cobb County, Georgia.

(emphasis added).

The MSA thus clearly mandates that any disputes involving the parties must be litigated in the State of Georgia. See Saturn Mgmt. LLC v. GEM-Atreus Advisors, LLC, 754 F. Supp. 2d 272, 282 (D. Mass. 2010) ("The language 'exclusive jurisdiction'

-11-

is mandatory, not permissive"); Silva, 239 F.3d at 388-89. An email sent to defendant from plaintiff's counsel admitted as much when it noted that the MSA "calls for a certain venue for litigation."

Moreover, the forum-selection provisions cover any disputes "relating to" or "in connection with" the MSA. Those provisions are generally construed quite broadly. See, e.g., Somerville Auto Transp. Serv., Inc. v. Auto. Finance Corp., 691 F. Supp. 2d 267, 271 (D. Mass. 2010); Huffington v. T.C. Grp., LLC, 685 F. Supp. 2d 239, 242 (D. Mass. 2010) (citation omitted). Here, the MSA controlled the entire relationship between Kebb and Home Depot. Plaintiff even contends that the work for which it is entitled to payment stems from an approved work order ultimately governed by the MSA. The dispute between the parties would not have occurred but for the MSA. Somerville Auto, 691 F. Supp. 2d at 272. As such, all four of plaintiff's claims are subject to the forum-selection provisions.

Finally, plaintiff makes much of the fact that defendant has, to this point, "refused" to mediate the dispute. Moreover, Kebb argues that because Home Depot supposedly breached the contract, it need not comply with the forum-selection provisions. Failure of the parties to agree on a time and place for contractually-mandated mediation, however, does not void the validity of those provisions. Moreover, no forum-selection

clause would ever be enforceable if a defendant's breach of contract negated its validity. See Monster Daddy, LLC v. Monster Cable Products, Inc., 483 F. App'x 831, 835 (4th Cir. 2012). Plaintiff had a contractual obligation to file its original suit in either federal or state court within the State of Georgia. It failed to do so.

The two relevant forum-selection provisions in the MSA clearly establish that the plaintiff improperly filed suit in this district. Because the MSA identifies an appropriate federal forum, the Court will transfer the case to the Northern District of Georgia pursuant to § 1404(a).

## ORDER

Accordingly, defendant's motion to dismiss or, in the alternative, to transfer venue (Docket No. 4) is **ALLOWED**. The case is hereby **TRANSFERRED** to the United States District Court for the Northern District of Georgia.

**So ordered.**

                                        /s/ Nathaniel M. Gorton
                                        Nathaniel M. Gorton
                                        United States District Judge

Dated November 17, 2014